# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| **TROY MARTIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Cause No. 1:25-cv-00464-ALT** |
| | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is Defendant Commissioner of Social Security's motion to dismiss (ECF 11), together with a memorandum in support and exhibits (ECF 11-1, 11-2), filed on November 17, 2025. Plaintiff Troy Martin filed a *pro se* complaint on September 3, 2025 (ECF 1), but is now represented by counsel (ECF 6). Defendant has moved to dismiss arguing Plaintiff's claim is barred by the time limitations specified in section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). (ECF 11 ¶ 6). Plaintiff did not respond to the motion, and his time to do so has now passed. *See* N.D. Ind. L.R. 7-1(d). For the following reasons, the Court will grant Defendant's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

This case involves Plaintiff's claim for social security disability benefits under Title II and Title XVI of the Social Security Act. On July 22, 2024, an Administrative Law Judge (ALJ) issued a decision, denying the Plaintiff's claim for disability benefits, and mailed a copy of the decision to Plaintiff. (ECF 11-2 at 3, 5). Plaintiff requested review of the ALJ's decision by the Appeals Council and on June 17, 2025, the Appeals Council sent a notice to Plaintiff that it had

denied the request for review of the ALJ's decision. (*Id*. at 3, 24). In the notice from the Appeals Council, Plaintiff was informed of his right to commence a civil action within sixty days of receipt of the notice. (*Id.* at 25). Plaintiff then filed his complaint in this Court on September 3, 2025. (ECF 1).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss on the ground that the complaint fails to state a claim upon which relief can be granted. This includes the defense that the action was filed after the statute of limitations period expired. *Patterson v. Comm'r of Soc. Sec.*, No. 1:16-CV-270-TLS, 2017 WL 2461598, at *2 (N.D. Ind. June 7, 2017); *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014); *see also Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011) ("[W]hen the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (citing exception to the rule that complaints do not have to anticipate affirmative defenses to survive a motion to dismiss where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations"); *Tregenza v. Great Am. Comm'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993) (noting that even though a plaintiff is not required to negate a statute of limitations affirmative defense in his complaint, "if he pleads facts that show that his suit is time-barred or otherwise without merit, he has pleaded himself out of court").

The Social Security Act provides parameters for judicial review of final decisions on claims arising under Title II or Title XVI of the Act. The Appeals Council's decision to deny an individual's request for review of the ALJ's decision is a final decision of the Commissioner, 20

C.F.R. §§ 404.981, 416.1481, and subject to judicial review under 42 U.S.C. § 405(g). An individual must commence a civil action "within sixty days after the mailing to him of notice of [the Commissioner's final] decision." 42 U.S.C. § 405(g); *see also* 42 U.S.C. § 1383(c)(3) (incorporating the provisions of 42 U.S.C. § 405(g) into Title XVI). The sixty day time period begins when the person receives the notice. 20 C.F.R. §§ 404.981, 416.1481, 422.210(c). The date of receipt is presumed to be five days after the date on the notice. *Id.* §§ 404.901, 416.1401, 422.210(c). A person can overcome the five day presumption by a reasonable showing that the notice was received on a different date. *Id.* §§ 404.901, 416.1401, 422.210(c). This sixty day time period is a statute of limitations. *Patterson,* 2017 WL 2461598, at *2; *Loyd v. Sullivan*, 882 F.2d 218, 219 (7th Cir. 1989) (citing *Bowen v. City of N.Y.*, 476 U.S. 467, 479 (1986)).

## ANALYSIS

In this case, Plaintiff filed his complaint after the sixty day statute of limitations had expired. Plaintiff's complaint was filed on September 3, 2025 (ECF 1), however the Appeals Council's notice was dated June 17, 2025 (ECF 11-2 at 3, 24). Presuming a date of receipt of five days from the date of notice, sixty days after that date was August 22, 2025, and Plaintiff was required to file his complaint before this date. He failed to do so.

Additionally, there is no evidence that the Plaintiff requested an extension of time to file the civil action from the Appeals Council. As of September 15, 2025, the Social Security Administration has no record of a request for an extension of time (ECF 11-1 at 2; ECF 11-2 at 3). Nor has the Plaintiff attempted to demonstrate good cause for his delay in filing this lawsuit. Accordingly, Plaintiff's claim is barred by the sixty day limitation under § 405(g).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (ECF 11) is GRANTED. This

case is dismissed with prejudice. The Clerk is DIRECTED to enter a judgment in favor of the Commissioner and against Martin.

SO ORDERED.

Entered this 15th day of December 2025.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge