UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| TROY MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:25-cv-00464-ALT |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On December 15, 2025, this Court granted Defendant Commissioner of Social Security's ("Commissioner") unopposed motion to dismiss Plaintiff Troy Martin's complaint appealing the Commissioner's denial of his application for disability benefits, and dismissed this case with prejudice, entering a judgment in the Commissioner's favor. (ECF 11, 16, 17). Now before the Court is Plaintiff's Motion to Reconsider Dismissal of Case With Prejudice filed via counsel on March 31, 2026, seeking to extend the time for filing Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) to deem his complaint timely filed, and, presumably, for relief from judgment.[1] (ECF 18). The Commissioner filed a response in opposition on April 10, 2026 (ECF 19), and Plaintiff replied on April 17, 2026 (ECF 20), so the motion is ripe for ruling.

For the following reasons, Plaintiff's motion to reconsider will be denied.

### A. Factual and Procedural Background

This case involves Plaintiff's claim for social security disability benefits under Title II and Title XVI of the Social Security Act. (ECF 1; ECF 1-1 at 9). On July 22, 2024, an

---

[1] Although Plaintiff does not specifically request relief from the judgment, the Court presumes he is seeking such relief under Federal Rule of Civil Procedure 60(b).

1

Administrative Law Judge (ALJ) issued a decision, denying Plaintiff's claim for disability benefits, and mailed a copy of the decision to Plaintiff. (ECF 11-2 at 3, 5). Plaintiff requested review of the ALJ's decision by the Appeals Council and on June 17, 2025, the Appeals Council sent a notice to Plaintiff that it had denied the request for review of the ALJ's decision. (*Id*. at 3, 24). In the notice from the Appeals Council, Plaintiff was informed of his right to commence a civil action within sixty days of receipt of the notice. (*Id.* at 25).

On September 3, 2025, Plaintiff, proceeding *pro se*, filed a complaint appealing the Commissioner's final decision in this Court. (ECF 1). On October 15, 2025, Attorney Anne S. Knight filed an application to appear *pro hac vice* on Plaintiff's behalf (ECF 5), which the Court granted two days later (ECF 6). On October 24, 2025, this case was stayed due to the Government's lapse in appropriations. (ECF 8, 9). On November 17, 2025, the Government filed a motion to lift the stay, which the Court granted the next day. (ECF 10, 12). On November 17, 2025, the Commissioner also filed a motion to dismiss Plaintiff's complaint as barred by the time limitations specified in section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). (ECF 11). Plaintiff failed to timely respond to the motion to dismiss, *see* N.D. Ind. L.R. 7-1(d)(2), and the Court granted the unopposed motion and dismissed the case with prejudice on December 15, 2025, entering a judgment in the Commissioner's favor. (ECF 16, 17).

On March 31, 2026, Plaintiff, via counsel, filed the instant motion to reconsider the Court's dismissal of this case with prejudice, asserting that due to a "calendaring error", counsel filed the complaint twelve days late and did not move to extend the time because she did not realize it was untimely. (ECF 18; *see* ECF 20 at 1). Counsel states that she did not receive notice of the Commissioner's motion to dismiss or supporting memorandum, or the Court's Order granting the motion, though she did receive Defendant's proposed form of order and a consent to

2

the magistrate judge. (ECF 20 at 1). Counsel states that she learned the case was dismissed by looking up the docket on the PACER system. (*Id.*). Plaintiff argues that in the Seventh Circuit a complaint cannot be dismissed solely on the basis that a response to a motion to dismiss was untimely. (ECF 18-1 at 2). Plaintiff asks the Court to overlook his untimeliness in filing the complaint due to his counsel's "excusable neglect" under Rule 6(b)(1)(B) and to extend the time for filing the complaint to September 3, 2025, deeming Plaintiff's complaint timely filed. (ECF 20 at 1-2; *see* ECF 18-1 at 2).

### B.  Applicable Law

The Social Security Act provides parameters for judicial review of final decisions on claims arising under Title II or Title XVI of the Act. The Appeals Council's decision to deny an individual's request for review of the ALJ's decision is a final decision of the Commissioner, 20 C.F.R. §§ 404.981, 416.1481, and subject to judicial review under 42 U.S.C. § 405(g). An individual must commence a civil action "within sixty days after the mailing to him of notice of [the Commissioner's final] decision." 42 U.S.C. § 405(g); *see also* 42 U.S.C. § 1383(c)(3) (incorporating the provisions of 42 U.S.C. § 405(g) into Title XVI). The sixty-day time period begins when the person receives the notice. 20 C.F.R. §§ 404.981, 416.1481, 422.210(c). The date of receipt is presumed to be five days after the date on the notice. *Id.* §§ 404.901, 416.1401, 422.210(c). A person can overcome the five-day presumption by a reasonable showing that the notice was received on a different date. *Id.* §§ 404.901, 416.1401, 422.210(c). This sixty-day time period is a statute of limitations. *Patterson v. Comm'r of Soc. Sec.*, No. 1:16-CV-270-TLS, 2017 WL 2461598, at *2 (N.D. Ind. June 7, 2017); *Loyd v. Sullivan*, 882 F.2d 218, 219 (7th Cir. 1989) (citing *Bowen v. City of N.Y.*, 476 U.S. 467, 479 (1986)).

"As a general rule, relief from a judgment under [Federal Rule of Civil Procedure] 60(b)

is an extraordinary remedy and is granted only in exceptional circumstances." *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) (citation and quotation marks omitted)). Presumably, Plaintiff is moving under Rule 60(b)(1), "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), or the "catchall" provision of Rule 60(b)(6) authorizing "relief from final judgments in extraordinary circumstances," *Scott v. Apfel*, 194 F.R.D. 655, 658 (N.D. Iowa 2000) (citations omitted).

### C. Analysis

In seeking relief from judgment, Plaintiff first argues that in the Seventh Circuit a complaint cannot be dismissed solely on the basis that a response to a motion to dismiss was untimely. (ECF 18-1). In support, he cites *Macure v. Lynn*, 992 F.3d 625 (7th Cir. 2021), in which the Seventh Circuit held "the lack of response [to a motion to dismiss under Rule 12(b)(6)] alone is insufficient" grounds upon which to dismiss a plaintiff's case—"the district court must construe the lack of response as indicating an intent to abandon suit or as meriting a sanction." *Id.* at 631. But as the Commissioner observes, *Macure* is inapplicable here. (*See* ECF 19 at 2). The Court dismissed Plaintiff's case with prejudice not because Plaintiff failed to file a response brief to the motion to dismiss, but because "Plaintiff's claim is barred by the sixty day limitation under § 405(g)." (ECF 16 at 3).

Plaintiff also attempts to demonstrate "excusable neglect" under Rule 6(b)(1)(B) for his untimely-filed complaint. (ECF 20). Plaintiff's counsel indicates that she mailed the complaint to the clerk on August 26, 2026, but "due to slow postal service[,]" it was not filed until September 3, 2026—twelve days after the applicable deadline. (ECF 20 at 1). Plaintiff's counsel represents that due to a "calendaring error," she mistakenly recorded the complaint's due date as August 26, 2026, rather than the actual due date of August 22, 2026, asserting this constitutes "excusable

neglect" under Rule 6(b)(1)(B). (*Id.* at 4-6). As such, Plaintiff asks that the Court extend the filing deadline for his complaint to September 3, 2025, to deem his belated complaint timely. (*Id.* at 1-2).

Rule 6(b)(1)(b) states: "When an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Plaintiff cites several cases generally in support of extending a filing deadline under Rule 6(b)(1)(B), but only one cited case, *Jessie S. v. Commissioner of Social Security*, No. 2:23-cv-01357, 2023 WL 5528603 (S.D. Ohio Aug. 28, 2023), involves a motion to extend the sixty-day deadline for filing a complaint in federal court to appeal the denial of Social Security disability benefits. (*See* ECF 20 at 2-5). In *Jessie S.*, the plaintiff's counsel filed the complaint five days after the filing deadline, stating that counsel underwent emergency surgery and experienced unexpected health complications thereafter. 2023 WL 5528603, at *5. Counsel represented that upon her return to work she immediately attended to the case and filed the complaint as soon as physically possible. *Id.* The court concluded that the health issues of Plaintiff's counsel were "outside her control" and, "under the unique circumstances of [the] case," extended the filing deadline by five days pursuant to Rule 6(b)(1)(B), rendering the complaint timely filed. *Id.*

Here, Plaintiff offers his attorney's "calendaring error" as the reason for his untimely complaint. (ECF 20 at 1). This is far less compelling circumstances than counsel's emergency surgery and unexpected health complications in *Jessie S.* In any event, the outcome in *Jessie S.* seems to be an outlier. The Court, in its own research, found that courts routinely hold that an attorney's error is neither grounds for excusable neglect nor equitable tolling in cases where a plaintiff missed the due date for filing a federal complaint to appeal a denial of Social Security

disability benefits to the district court. For example, in *Savaglio v. Kijakazi*, No. 21-cv-766-slc, 2022 WL 1121782 (W.D. Wis. Apr. 14, 2022), the court denied the plaintiff's request for a one-day extension retroactively under Rule 6(b)(1)(B), explaining that "Rule 6(b) governs the enlargement of time periods prescribed by the federal rules or by an order of the district court, but does not apply to time periods set out in statutes." *Id.* at *2 (citing 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (4th ed); 1 James William Moore, *et al.*, *Moore's Federal Practice* § 6.06(1)(a) (3d ed.)). The court further acknowledged that while "equitable tolling can apply to review of social security decisions[,] … a litigant's or attorney's miscalculation of a deadline is not an extraordinary circumstance warranting equitable tolling." *Id.* (collecting cases); *see Lugo Rodriguez. v. Comm'r of Soc. Sec.*, No. 3:19-cv-1706 (VLB), 2020 WL 13994905, at *2 (D. Conn. Apr. 1, 2020) ("A garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." (citations omitted)).

Therefore, I suppose it is not really surprising that Plaintiff cited just one Social Security case in support of his counsel's "excusable neglect" argument, given the abundance of cases the Court noted holding contrary to Plaintiff's requested outcome. *See Paler v. O'Malley*, No. 23 C 6403, 2024 WL 6914094 (N.D. Ill. Apr. 4, 2024) (finding excusable neglect does not apply for purposes of relief from a final judgment and that the mailing of the complaint one day after the deadline was not extraordinary grounds for equitable tolling); *Brooke N. v. Soc. Sec. Admin.*, No. 21 C 50364, 2022 WL 16952035 (N.D. Ill. Oct. 21, 2022) (R. & R.) (finding a litigant's mistake of filing the appeal with the Social Security Administration, rather than federal court, was not grounds for equitable tolling or excusable neglect), *adopted*, 2022 WL 16949261 (N.D. Ill. Nov. 15, 2022). *See also Lajoy N. v. Comm'r of Soc. Sec.*, No. 6:23-cv-6091-EAW, 2023 WL 4366581

(W.D.N.Y. July 6, 2023); *Brandy H. v. Comm'r of Soc. Sec.*, 1:22-CV-00117 EAW, 2022 WL 14672776 (W.D.N.Y. Oct. 25, 2022); *D.L.F. v. Kijakazi*, No. 21-2243-SAC, 2021 WL 5492912 (D. Kan. Nov. 22, 2021); *Redding v. Saul*, No. 3:20-cv-00016-JWS, 2021 WL 9666623 (D. Ala. Apr. 2, 2021); *Fromwiller v. Comm'r of Soc. Sec.*, No. 19-CV-964, 2020 WL 2768815 (W.D.N.Y. May 28, 2020); *Mann v. Colvin*, No. 3:14-cv-325-J-34PDB, 2015 WL 5897552 (M.D. Fla. Oct. 7, 2015) (R. & R); *Malone v. Colvin*, No. 3:14CV132-SAA, 2015 WL 475953 (N.D. Miss. Feb. 5, 2015); *Davila v. Barnhart*, 225 F. Supp. 2d 337 (S.D.N.Y. 2002).

Accordingly, given the dearth of Social Security cases in support of Plaintiff's motion, and the plethora of persuasive authority holding just the opposite, the Court DENIES Plaintiff's motion to reconsider. Plaintiff has not shown excusable neglect or any extraordinary circumstance beyond his or his counsel's control that prevented him from timely filing this judicial review action. The Court affirms its decision that Plaintiff's claim is barred by the sixty-day limitation under § 405(g).

### D. Conclusion

For the foregoing reasons, Plaintiff's Motion to Reconsider Dismissal of Case With Prejudice (ECF 18) is DENIED.

SO ORDERED.

Entered this 1st day of May 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge

7